## WILSON v. ROBINSON.

1. **Appeal from Justice's Court:** NOT CUT OFF BY TRANSCRIPT. Where one has obtained a judgment before a justice of the peace, he cannot deprive the debtor of the right to an appeal or writ of error by filing a transcript of his judgment in the circuit-court. The judgment, after the transcript is filed, still remains a judgment of the justice, and does not become a judgment of the circuit court.

*Appeal from Superior Court of Cedar Rapids.*

THURSDAY, JUNE 14.

THIS action was brought in February, 1882, before a justice of the peace, upon a promissory note drawn for $24, dated April 21, 1870, and made payable four months after date to W. B. Van Sant or bearer. Judgment was rendered for the plaintiff, and a transcript thereof was filed in the office of the clerk of the circuit court. Afterward, but within twenty days from the rendition of the judgment, a writ of error was sued out of the superior court of Cedar Rapids, which court reversed the judgment of the justice of the peace, and rendered judgment for the defendant. The plaintiff appeals.

*Geo. W. Wilson*, for appellant.

*Ward & Harman*, for appellee.

ADAMS, J.—The questions certified are in these words:

"*First*. Can either party take an appeal or writ of error to the superior court of Cedar Rapids any time within the twenty days from the date of judgment, after a transcript has been made and certified by the justice, and filed in the circuit court of the county, and a judgment entered thereon, as provided in Code, sections 3567 and 3568; no supersedeas bond having been filed with said justice to stay his act in certifying to the circuit court, as provided in Code, section 3601;

that is, has the justice or superior court jurisdiction of the cause after the judgment is entered in the circuit court?

"*Second.* Are not the letters and other writings in this cause sufficient to constitute an admission that the debt sued on is still subsisting, if supported by the necessary parol testimony that they were in regard to the debt in controversy; also that the debtor had frequently talked about and promised to pay the creditor this same debt ?"

The arguments have taken a wide scope, but we can decide nothing except what is certified.

I. In the first question, we are asked to determine the effect of filing the transcript in the circuit court. In our opinion, where a judgment is rendered by a justice of the peace, the judgment creditor cannot deprive the debtor of the right to an appeal or writ of error, by filing a transcript of his judgment in the circuit court. It is not true, as assumed, that the circuit court renders a judgment on the judgment of the justice, under sections 3567 and 3568. The entry of a memorandum by the clerk in the judgment docket is not the rendition of a judgment. The object to be gained by filing the transcript is the better security and more convenient and certain enforcement of the judgment. It is still a judgment of the justice, though treated as to its effect and mode of enforcement as if rendered in the circuit court.

II. The second question, we think, presents nothing for our consideration. "The letters and other writings" mentioned in the question appear to be simply two letters, neither addressed to the plaintiff or Van Sant, the payee, but to one Rice, and neither being sufficiently specific to enable us to say that they refer to the note sued on. As to whether the note and letters could be connected by parol would be an abstract question. We see nothing in the case upon which such question could be based. The parol evidence is set out. If we could be called upon to examine it all, we should have to say that we find in it no allusion to the letter.

AFFIRMED.